E. GRADY JOLLY, Circuit Judge,
joined by EDITH H. JONES, JERRY E. SMITH, RHESA HAWKINS BARKSDALE, EMILIO M. GARZA and CLEMENT, Circuit Judges, dissenting;
I could agree with the majority’s theory of liability and outcome if its assumptions about the operation of state law had any basis in law or fact. Because those assumptions indisputably have no support, I cannot join the majority’s opinion.
Throughout this litigation, the theory supporting LISD’s liability for a constitutional violation has been marked by an inventive and evasive character whenever cornered by law or fact. The theory now expressed in the majority opinion for the first time, with no briefing from any party, is that Coggin was denied constitutional due process thus: LISD’s termination of Coggin caused him to lose his statutory right to appeal the decision of the TEA Commissioner and thus caused a denial of procedural due process. If only that were true, I would join the majority.
The majority’s opinion acknowledges that due process in this case is satisfied so long as Coggin had the right under *467 state law to appeal the Commissioner’s decision. “If the Commissioner does not abide the prescribed scheme, Texas gives an aggrieved school employee the right to appeal to a state district court, thereby providing constitutional due process.” (Majority Op. at 466). “Section 7.057(d) of the Texas Education Code provides that ‘[a] person aggrieved by an action of the agency or decision of the Commissioner may appeal to a district court in Travis County.’ This appeal must be made by serving the Commissioner as in a civil suit, and the court shall determine all issues of law and fact at trial.” (Majority Op. at 460)(footnote omitted)(emphasis added).
However, the majority assumes that “[t]he LISD’s irrevocable discharge of Coggin without a hearing just 4 business days after Coggin’s receipt of the Commissioner’s notice of refusal was the sole cause of the violation of Coggin’s right to due process of law.” (Majority Op. at 461). “[T]he LISD’s discharge of Coggin just 4 business days after his receipt of the Commissioner’s notice of refusal prematurely cut off Coggin’s right to appeal under § 7.057(d)_” (Majority Op. at 463). “The Commissioner’s erroneous decision was not a cause of the violation because, if the LISD had not peremptorily discharged Coggin, that error could have been corrected on appeal....” (Majority Op. at 465). Thus, the majority concludes that “had the school board given Coggin the statutorily allotted time to appeal the Commissioner’s decision, there would have been no denial of due process.” (Majority Op. at 463).
Yet the majority fails to explain how the termination of Coggin denied him the right to appeal his case to the Travis County district court. It is of course plain that the termination did not cause Coggin physically or procedurally to lose his right to appeal the Commission decision. The statute was still there, the district court in Travis County was still there, some 26 days — by the majority’s calculation — remained in his appeal period, and Coggin still had free will. The majority seems to assume, without expressly saying so, that his termination made any appeal of the Commissioner’s decision moot. Of course, neither the majority, nor I, nor any other judge on this court, nor any party, knows whether this assumption contains the slightest degree of correctness in fact or law. It is only an assumption tailored from whole cloth, for a specific fit. No brief has been filed raising the point. No argument is made by the majority that the statute supports such an assumption. No argument is made by the majority that ease law supports any such assumption. The majority simply offers the theory as so many inspired words.
On the other hand, a more reasonable assumption would posit that had Coggin exercised his right to appeal — a right that no one has denied existed — a complete remedy would have been available. It is easily assumed that LISD would have been a proper party to that appeal. If on appeal the court had concluded that the Commissioner erred in rejecting Coggin’s petition, it is a plausible assumption that the state court would have exercised its equitable powers and further would have held Coggin’s termination a nullity under state law and ordered him reinstated pending the outcome of the TEA hearing, thus providing him a whole remedy (“the [Travis County district] court shall try all issues of law and fact .... ” § 7.057 (emphasis added)). Assuming, however, the Travis County district court determined it had jurisdiction only to address the error of the TEA Commissioner, another scenario is equally plausible, plainly demonstrating that whatever the status of his appeal might have been, it was not moot. If *468 Coggin had exercised his right to appeal— a right, I repeat, no one denied existed— and if Coggin had chosen to appeal only the Commissioner’s decision, he could have taken that judgment to the appropriate state court and obtained injunctive relief reinstating him pending the outcome of the TEA hearing he was denied. Both these scenarios are assumptions enjoying more reasonable speculative bases than the majority facilely adopts to support the conclusion necessary for the result it thinks is appropriate.
In short, the assumption of the majority that his termination caused the denial of due process by rendering his right to appeal moot is speculation of an unrestrained sort, which indeed seems contrary to reason and logic.
I could agree with the majority opinion if anywhere in the record it were evident that the plaintiff had met his burden of proof to support the majority’s new-found, unbriefed, unargued theory that his termination denied him an effective appeal of the Commissioner’s decision. But there is nothing in the record — or the law — to support the majority’s theory — and the majority apparently does not argue that there is. Such is the consequence of attempting to develop arguments never presented by anyone at any time in order to tailor an outcome for a favored party.
I can appreciate the equities that drive the majority to try to fashion some relief in this case. During the pretermination process as provided by the Texas statute, Mr. Coggin got entangled in errors and alleged errors, which he did not appeal. However, because both Coggin and the majority have failed to carry their respective burdens of proof and persuasion, to explain how his termination in fact eviscerated his right to appeal, the question of causation remains unanswered, I am unable to join in the opinion, and I respectfully dissent.[1] Finally, given what I regard as the complete failure of the majority to confect some credible constitutional analysis for a violation of due process, I join the dissents of Judges Jones and Garza.

. I do note that the majority opinion does not challenge or deny the correctness of a single assertion made in this dissent. The majority would thus seem to admit there is no record or legal support for its theory of liability, thereby calling into question not only footnote 35 of its opinion, but its entire opinion as well.